IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| NETTIE CHAMBERS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO.  3:14-CV-237-WKW |
| | ) | [WO] |
| GROOME TRANSPORTATION OF | ) | |
| ALABAMA, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is a Motion to Dismiss Individual Defendants (Doc. # 7), filed by Defendants Harold V. Groome, Jr., Harold V. Groome III, and Christopher Groome ("individual Defendants"), pursuant to Rule 12(b)(2) and (b)(6) of the Federal Rules of Civil Procedure.  Plaintiffs do not oppose the dismissal of their claims against the individual Defendants for alleged violations of the Workers' Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101–09 ("WARN Act"), but they contend that they have pleaded sufficient facts to support the exercise of personal jurisdiction over the individual Defendants and to state a claim for relief against the individual Defendants for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19.  (Doc. # 18, at 1.)  After careful consideration of the arguments of counsel, the relevant law, and the Complaint's

allegations, the court finds that the motion to dismiss is due to be granted in part and denied in part.

## I.  JURISDICTION AND VENUE

Subject-matter jurisdiction is proper pursuant to 28 U.S.C. § 1331, and venue is not contested.  This opinion addresses the court's personal jurisdiction over the individual Defendants.

## II.  STANDARDS OF REVIEW

**A.**     **Rule 12(b)(2)**

A Rule 12(b)(2) motion tests the court's exercise of personal jurisdiction over a defendant.  *See* Fed. R. Civ. P. 12(b)(2).  In this case, Plaintiffs bear the burden of "establish[ing] a prima facie case of personal jurisdiction over a nonresident defendant."  *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990).  The allegations in the Complaint are presumed true because they are uncontroverted by evidence.  *See id.*

**B.**     **Rule 12(b)(6)**

When evaluating a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must take the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff.  *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321–22 (11th Cir. 2012).  To survive Rule 12(b)(6) scrutiny, "a complaint must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).

### III.  BACKGROUND

Plaintiffs are former employees of Groome Transportation of Alabama, Inc., which had contracted with Auburn University to provide shuttle bus services for its students. Plaintiffs worked as shuttle bus drivers, transporting students within Auburn's city limits, principally on Auburn University's campus, beginning prior to April 2012 and continuing until July 2013 when Groome Transportation closed its area plant.  (Compl. ¶ 16.)

On April 2, 2014, Plaintiffs filed this action against Groome Transportation and the individual Defendants.  The Complaint contains two counts.  In Count One, which alleges violations of the FLSA, Plaintiffs contend that from approximately April 1, 2012, to November 30, 2012, Groome Transportation did not adequately compensate them for hours worked in excess of forty hours per week. *See* 29 U.S.C. § 207(a)(1) (requiring that employees who work in excess of forty hours per week be compensated "at a rate not less than one and one-half times the regular rate at which he is employed").  Plaintiffs seek unpaid overtime

wages in a collective action under the FLSA.  In Count Two, Plaintiffs bring a claim under the WARN Act, individually and as representatives of a proposed class, alleging that Groome Transportation failed to give the minimum sixty-day written notice to its employees as required by the WARN Act.  Plaintiffs seek all relief available under the WARN Act, including sixty days back pay.

Defendant Groome Transportation responded to the Complaint with a motion to compel arbitration.  A prior Order denied that motion as to twenty of the forty-five Plaintiffs and granted the motion as to twenty-five Plaintiffs.  This action against Groome Transportation and the individual Defendants for alleged violations of the WARN Act and the FLSA proceeds, therefore, as to twenty Plaintiffs.[1]

Pending is the individual Defendants' motion to dismiss the WARN Act and FLSA claims.  The individual Defendants invoke Rule 12(b)(2) and (b)(6), and Plaintiffs have responded to the arguments.

---

[1] Those twenty Plaintiffs are: (1) Nettie Chambers; (2) Kevin Bartlett; (3) Adolphus Billingslea; (4) Mattie Brown; (5) Ernest Chappell, Jr.; (6) Lavelle Cox; (7) Tracy Eden; (8) Janice Ferrell; (9) Justin Greene; (10) Geraldine Gunn; (11) Jacqueline Hinson; (12) LaTwanika Rhodes; (13) Christopher Rogers; (14) Gregory Rowell; (15) James M. Smith; (16) Willie Frank Smith; (17) Charles Tate; (18) Lakecia Thomas; (19) Michael Watson; and (20) Cassandra Young.

## IV.  DISCUSSION

### A.    The WARN Act

Plaintiffs posit no opposition to the individual Defendants' motion to dismiss the WARN Act claims.  Accordingly, the WARN Act claims will be dismissed against the individual Defendants.

### B.    The FLSA

#### 1.    *Rule 12(b)(2)*

The individual Defendants also contend that the Complaint "fails to allege sufficient facts to invoke personal jurisdiction over [them]."[2]  (Doc. # 7, at 3.)  A personal-jurisdiction challenge in federal court requires a two-part analysis.  The court first must determine its jurisdiction under the forum state's long-arm statute; second, it must decide whether exercising jurisdiction comports with principles of constitutional due process.  Alabama's long-arm statute permits state and federal courts in Alabama to exercise personal jurisdiction "to the fullest extent constitutionally permissible."  *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 925 (11th Cir. 2007) (citing Ala. R. Civ. P. 4.2(b)).  Only a single analysis is necessary, therefore, because the limits of Alabama's long-arm jurisdiction are coterminous with constitutional due process requirements.

---

[2] The Complaint does not identify the residency of the individual Defendants, but in the parties' briefing, there is no disagreement that the individual Defendants do not reside in Alabama.  (*See, e.g.*, Doc. # 7, at 3 n.1 ("[T]he addresses for service accurately reflect that each of the[ individual] Defendants resides in the Commonwealth of Virginia.").)

The Due Process Clause requires that (1) a defendant have "minimum contacts" with the forum state, and that (2) the court's exercise of jurisdiction conform with "traditional notions of fair play and substantial justice." *Burnham v. Superior Ct. of Cal.*, 495 U.S. 604, 618 (1990).

### a.   *Minimum Contacts*

Minimum contacts may be established through either general or specific jurisdiction. "General jurisdiction" over a defendant arises from the defendant's continuous and systematic contacts with the forum state that are unrelated to the suit, while "specific jurisdiction" arises from a defendant's sporadic or limited contacts with the forum state that are at issue in the plaintiff's cause of action. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–15 nn.8–9 (1984).

Plaintiffs argue that the Complaint alleges facts demonstrating "personal jurisdiction both general and specific" (Doc. # 19, at 12); however, Plaintiffs do not point to any facts that establish that the individual Defendants had continuous and systematic contact with Alabama. Hence, the analysis focuses only on specific jurisdiction.

"[S]pecific personal jurisdiction is a claim-specific inquiry." *Turner v. Regions Bank*, 770 F. Supp. 2d 1244, 1248 (M.D. Ala. 2011) (Thompson, J.) (quoting *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 274 (5th Cir. 2006)

(alteration omitted)).  Specific jurisdiction requires, first, "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum . . . , thus invoking the benefits and protections of its laws," and, second, that the defendant's contacts with the forum state relate to the cause of action or give rise to it.  *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1220 (11th Cir. 2009).  Additionally, as a general principle, "jurisdiction over an employee does not automatically follow from jurisdiction over the corporation which employs him . . . .  Each defendant's contacts with the forum State must be assessed individually."  *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984).

The individual Defendants argue that the "only personal jurisdiction averments contained within Plaintiffs' complaint relate exclusively to Groome [Transportation] as a corporate entity" and that the individual Defendants are not subject to personal jurisdiction based upon acts taken in their corporate capacity. (Doc. # 7, at 3.)  The gist of their argument is that in their individual capacities, as opposed to their corporate capacities, they have no contacts with Alabama, and, thus, personal jurisdiction is lacking.  Plaintiffs argue, on the other hand, that the facts "directly give rise" to an FLSA claim against the individual Defendants because they qualify as employers for purposes of the FLSA and that, by doing

business in Alabama, the individual Defendants "purposefully availed themselves of conducting activity in Alabama . . . ."  (Doc. # 19, at 14.)

The individual Defendants' argument invokes Alabama's fiduciary-shield doctrine, which provides that personal jurisdiction "over individual officers or employees of a corporation may not be predicated merely upon jurisdiction over the corporation itself."  *Thames v. Gunter-Dunn, Inc.*, 373 So. 2d 640, 641–42 (Ala. 1979); *see also Ex parte Kohlberg Kravis Roberts & Co.*, 78 So. 3d 959, 974 (Ala. 2011) (recognizing *Thames* as Alabama's first application of the fiduciary-shield doctrine).  As observed in *Kohlberg*, however, over the years, the Alabama Supreme Court "has distinguished *Thames* on several bases so as to avoid applying the fiduciary-shield doctrine" and has made clear that "an individual is not shielded from liability simply because his acts were done in furtherance of his employer's interest."  78 So. 3d at 975 (citation, alterations, and internal quotation marks omitted); *see also Calder v. Jones*, 465 U.S. 783, 790 (1984) (observing that the individual defendants' "status as employees does not somehow insulate them from jurisdiction" for their contacts with the forum state).

The parties cite no controlling authority discussing the fiduciary-shield doctrine.  Further analysis of the efficacy of the fiduciary-shield doctrine is not necessary to resolve the present motion, however, because, in the context of this case, there are sufficient facts establishing that personal jurisdiction over the

individual Defendants is not "predicated merely upon jurisdiction over the corporation itself." *Thames*, 373 So. 2d at 641–42.

Although not cited by either party, a Fifth Circuit opinion is both instructive and persuasive. *See Donovan v. Grim Hotel Co.*, 747 F.2d 966 (5th Cir. 1984). In *Donovan*, the court held that the fiduciary-shield doctrine did not divest the court of personal jurisdiction in an FLSA action alleging the direct liability of the corporate president. The Fifth Circuit explained that the president allegedly violated the FLSA, "under which he is statutorily characterized as an employer and is personally responsible for defaults . . . ." *Id.* at 973. The president, "no less than the corporations he owned, directed, and controlled, is personally liable for unpaid statutory wages to his employees." *Id.* "Consequently, his Texas-connected acts that produced injurious effects to the Texas-based employees cannot, as a matter of law or fact, be regarded as performed solely in his corporate capacity." *Id.* Because the president was personally liable under the FLSA for the alleged violations that occurred in Texas, he had sufficient minimum contacts with Texas. *Id.* at 974.

Based upon *Donovan*, the fiduciary-shield doctrine does not apply if the Complaint's allegations establish the individual Defendants' direct liability as an employer under the FLSA. If there is direct liability, then the Complaint is not seeking to predicate personal jurisdiction over the individual Defendants based

solely upon the acts of Groome Transportation.   Accordingly, the inquiry into personal jurisdiction turns on whether the individual Defendants satisfy the definition of an "employer" under the FLSA.

The FLSA broadly defines "employer" to "include[ ] any person acting directly or indirectly in the interest of an employer in relation to an employee," 29 U.S.C. § 203(d), and logically, a "person" includes an "individual," *id.* § 203(a); *see also Reich v. Circle C Invs., Inc.*, 998 F.2d 324, 329 (5th Cir. 1993) ("[T]he FLSA's definition of employer must be liberally construed to effectuate Congress' remedial intent.").   Under Eleventh Circuit authority, "a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation" and is "jointly and severally liable under the FLSA for unpaid wages."   *Patel v. Wargo*, 803 F.2d 632, 637–38 (11th Cir. 1986) (citation and internal quotation marks omitted).   Personal liability under the FLSA attaches to an officer who is "involved in the day-to-day operation or ha[s] some direct responsibility for the supervision of the employee."   *Id.* at 638; *see also Stewart v. Sterling Tech. Solutions, LLC*, No. 6:10cv630, 2010 WL 4647135, at *2 (M.D. Fla. Oct. 12, 2010) (recommending the denial of a Rule 12(b)(6) motion to dismiss where the complaint alleged that the individual defendants had "significant ownership interest with operational control of significant aspects" of the corporate employer's "day-to-day functions" (internal quotation marks omitted)), *adopted by*

*Stewart v. Sterling Tech. Solutions, LLC*, No. 6:10cv630, 2010 WL 4646903 (M.D. Fla. Nov. 9, 2010).

Tested against the foregoing principles, the Complaint alleges that the individual Defendants are "corporate officer[s] of Groome [Transportation] who had and ha[ve] operational control over the policies that determined the day-to-day functions of Groome [Transportation] and its compensation of employees." (Compl. ¶¶ 7–9.) It further alleges that the individual Defendants have "direct responsibility for the pay policies of employees, such as [ ] Plaintiffs." (Compl. ¶¶ 7–9.) These allegations, presumed true at this stage of the litigation, premise liability against the individual Defendants as corporate officers of Groome Transportation based upon their control over the policies affecting the day-to-day operation, including the pay scheme, of Groome Transportation employees. The allegations are adequate to bring the individual Defendants within *Patel*'s definition of an FLSA employer.

Based upon the foregoing, the Complaint's allegations establish that the individual Defendants' activities (*i.e.*, their operational control) expose them to personal liability as employers under the FLSA to their Alabama-based employees for alleged wage-payment violations. For purposes of the personal-jurisdiction analysis, each individual Defendant is deemed to have engaged in acts as an employer that caused injury to employees working in Alabama. These allegations

establish the minimum contacts necessary to create specific jurisdiction over the individual Defendants.

The individual Defendants cannot hide behind the fiduciary-shield doctrine to avoid personal jurisdiction when they allegedly engaged in acts that had foreseeable consequences in Alabama for which they may be held personally liable under the FLSA.  The individual Defendants' argument that minimum contacts are lacking by application of the fiduciary-shield doctrine is unavailing.  Based upon the present record and the arguments, Plaintiffs have made a prima facie showing of specific jurisdiction.

### b.      *Fair Play and Substantial Justice*

Where a plaintiff demonstrates that an out-of-state defendant has purposefully established constitutionally sufficient minimum contacts within the forum state, the defendant "must make a 'compelling case' that the exercise of jurisdiction would violate traditional notions of fair play and substantial justice." *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1267 (11th Cir. 2010).  "Relevant factors include the burden on the defendant, the forum's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief and the judicial system's interest in resolving the dispute." *Licciardello v. Lovelady*, 544 F.3d 1280, 1288 (11th Cir. 2008).

12

The individual Defendants do not contend that the exercise of jurisdiction over them would violate traditional notions of fair play and substantial justice.  In fact, Defendants do not address this component of the personal-jurisdiction inquiry.   Because the individual Defendants have not demonstrated any burden that outweighs the interests of Alabama, the plaintiffs, and the forum court, they have not made a compelling case that it would be unfair and unjust to require the individual Defendants to defend against Plaintiffs' FLSA claims in Alabama.

### c.    *Summary*

Personal jurisdiction over the individual Defendants comports with the Due Process Clause.   Plaintiffs' FLSA suit in Alabama against the individual Defendants is constitutionally permissible.   Accordingly, the individual Defendants' Rule 12(b)(2) motion is due to be denied.

### 2.    *Rule 12(b)(6)*

The individual Defendants argue that they are not Plaintiffs' "employer" within the meaning of the FLSA and that, therefore, the Complaint fails to state a claim for which relief can be granted under Rule 12(b)(6).  Plaintiffs counter that the Complaint's allegations sufficiently plead the individual Defendants' corporate capacity and control over Plaintiffs' employment, thus, bringing those Defendants within the definition of an FLSA "employer."

The analysis in Part IV.B.1.a. resolves these arguments against the individual Defendants. Namely, the court found that the allegations demonstrate that the individual Defendants satisfy the Eleventh Circuit's definition of an FLSA employer. Accordingly, the Complaint states a plausible claim for relief against the individual Defendants under the FLSA, and the individual Defendants' Rule 12(b)(6) motion to dismiss is due to be denied.

## V. CONCLUSION

Based upon the foregoing, it is ORDERED that the Motion to Dismiss Individual Defendants (Doc. # 7), filed by Defendants Harold V. Groome, Jr., Harold V. Groome III, and Christopher Groome, is GRANTED in part and DENIED in part as follows:

(1)    The motion is GRANTED as to the WARN Act claims, and the WARN Act claims against the individual Defendants are DISMISSED with prejudice; and

(2)    the motion is DENIED as to the FLSA claims.

DONE this 12th day of December, 2014.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE