## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| NETTIE CHAMBERS, et al**,** | |
| *Plaintiffs*, | Civil Action No. 3:14-cv-00237-WKW |
| v. | |
| GROOME TRANSPORTATION OF ALABAMA, INC.; HAROLD V. GROOME, JR.; HAROLD V. GROOME, III; and CHRISTOPHER GROOME | JURY DEMAND- FOR COUNT 1 ONLY |
| *Defendants.* | CLASS ACTION-COUNT 2 ONLY |

## PLAINTIFFS' APPLICATION FOR AWARD OF ATTORNEYS' FEES, EXPENSES, AND ENHANCEMENT AWARD FOR CLASS REPRESENTATIVES UNDER THE WARN ACT (COUNT 2), AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Plaintiffs move for approval of attorney fees and costs pursuant to Rule 54(d)(2) subject to the provision of Rule 23(h) for the attorneys' fees and costs authorized by law under 29 U.S.C. § 2104 (a)(6), (**Attorney's fees and costs**) which states: "In any such suit, the court, in its discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs."

Additionally, Class Counsel respectfully request that the Court approve a enhancement award for each of the Class representatives.

### A.  BACKGROUND

1)  This case was certified as a class action for the purposes of settlement by an Memorandum Opinion and Order granting preliminary approval of the proposed

settlement entered September 1, 2015.  (Doc. 56).  The Order preliminarily approved an Amended Settlement Agreement (Doc. 55-1).  Notice to the Class, required and approved by the Order, included appropriate information notifying the Class that the claim for attorneys fees and request for a case contribution (or enhancement award) to the named Plaintiffs as Class Representatives would be considered by the Court at the November 17, 2015, Fairness Hearing.  The Order directed that this motion requesting fees be filed by October 20, 2015.

2)  This Class Action was filed against Defendants Groome Transportation of Alabama, Inc.; Harold V. Groome, Jr.,; Harold V. Groome, III; and Christopher Groome on April 2, 2014. (Doc. 1).  The Complaint alleged that the Defendants violated (a) the provisions of 29 USCA §2104(a)(5) – the Worker Adjustment and Retraining Notification (WARN) Act; and (b) the provisions of 29 U.S.C. 201, et seq.,--the Fair Labor Standards Act (FLSA).

3)  The Complaint requested relief, including the statutory penalty provided by 29 U.S.C. § 2104.  The Complaint also requests an award of attorneys' fees pursuant to 29 U.S.C. § 2104.   (See Doc. 1, ¶ 67).

4)  This action was litigated through written discovery and briefs on different issues.  Prior to the filing of this Motion, there have been 60 documents filed in the case.

5)  The parties agreed to submit all claims and defenses to mediation conducted by Hon. Phillip Adams.  Mediation commenced January 6, 2015 and continued between Class Representatives and the Defendants.   On April 9, 2015, the parties reached a global settlement of all claims, including Fair Labor Standards Act claims, WARN Act claims, and claims of all individuals compelled to arbitration.

6)  Prior to Mediation, Class Counsel met with all the Class Representatives to discuss settlement, and to get authority from them.  At this settlement meeting, Class Counsel advised the Class Representatives on the strengths and weaknesses of the case, the benefits of settlement versus the risk of going to trial and the potential of a lengthy appeal process if a large Judgment were entered in favor of the Plaintiffs.

7)  Class Counsel informed Class Representatives the amount of Attorney fees based on reasonable hourly rates and expenses incurred as of that date and estimated future fees and expenses.  The Class Representatives were fine with this. They understood the significant time and effort and expense that the attorneys had incurred in this case.  (See Exhibit A – Affidavits of Class Representatives).  Class Counsel received authorization to use their discretion in settling the case for all of the Class.  (See Exhibit A – Affidavits of Class Representatives).

8)  Class Counsel could then calculate the minimum settlement fund that would be required for the Class by multiplying the number of putative class members by $1,000.00.  Class Counsel was then prepared to negotiate for a settlement that would include at least the minimum settlement fund for the Class, as well as expenses and Attorneys' fees, to settle all WARN Act claims.

9)  Prior to Mediation, Defense Counsel provided to Class Counsel a list of all named Plaintiffs' normal hourly pay rates, as well as the number of overtime hours for which each named Plaintiff should have received overtime pay.  Class Counsel could then calculate the settlement that would be required for the claims of individually named Plaintiffs for violation of the Fair Labor Standards Act. Class Counsel was then prepared to negotiate for a settlement that would include a settlement for the individually named Plaintiffs and Attorneys' fees, to settle all FLSA claims.

10)  Everyone was aware that attorneys' fees were allowed by statute and were part of the claims and would necessarily be included in any mediated settlement.

11)  Eventually the parties agreed to settle for a total of $300,000.00.

12)  That $300,000.00 was sufficient to cover the combined total of Attorney fees calculated at a reasonable hourly rate (the lodestar standard) as of the date of mediation, expenses as of the date of mediation, the common fund authorized by

the Class Representatives, a fund to pay the full amount of overtime wages that named Plaintiffs were owed if they were successful at trial as well as full liquidated damages, an estimate on the cost of Attorney Fees to complete the administration of the case to completion, and an estimate of future expenses, including a Third Party Administrator to administer the class notice program.

13)  The settlement also included the non-monetary benefit to all Class members of receiving class notice advising them of their rights under the WARN Act and allowing them to opt out of the settlement to pursue their own claim.   (See Exhibit A – Affidavits of Class Representatives).

14)  Proposed settlement documents were filed timely with the Court as directed by the Court.  The filings included an Amended Joint Motion for Preliminary Approval of Amended Settlement Agreement and Certification of Settlement Class (Doc. 55), and proposed Amended Settlement Agreement (Doc. 55-1).  Contained within the Settlement Agreement (Doc. 55-1) was a Proposed Preliminary Opinion and Order (Exhibit A to Doc. 55-1), proposed Class Notice (Exhibit B to Doc. 55-1), a proposed Selection Claim Form (Exhibit C to Doc.55-1), and a Proposed Final Order (Exhibit D to Doc. 55-1).

15)  This Court conducted a hearing for preliminary approval of the proposed settlement on September 1, 2015.

16)  On September 1, 2015, the Court entered an Opinion and Order granting preliminary approval of the proposed settlement. (Doc. 56).  For purposes of settlement of all WARN Act claims, the Class was certified pursuant to Rule 23(b)(3) FRCP.  The Order approved the proposed Amended Joint Motion for Preliminary Approval of Amended Settlement Agreement and Certification of Settlement Class (Doc. 55), and proposed Amended Settlement Agreement (Doc. 55-1), including the Proposed Preliminary Opinion and Order (Exhibit A to Doc. 55-1), proposed Class Notice (Exhibit B to Doc. 55-1), proposed Selection Claim Form (Exhibit C to Doc.55-1), and Proposed Final Order (Exhibit D to Doc. 55-1).  A Fairness Hearing pursuant to Fed. R. Civ. P. 23(e) was scheduled for November 17, 2015.

17)  Based upon the Memorandum Opinion and Order granting preliminary approval of settlement (Doc. 56), Class Notices containing the required Selection Claim form (Exhibit C to Doc.55-1), were mailed out on September 11, 2015. (See Doc. 63-1).   The claim form gave Class members the options of (1) accepting the settlement and presenting a claim, (2) opting out in order to seek individual relief, or (3) presenting an objection to the settlement.  (Exhibit C to Doc.55-1).

18)  Based upon the Memorandum Opinion and Order granting preliminary approval of the settlement (Doc. 56), any objectors wishing to contest the settlement or class members wishing to opt out to pursue their own lawsuit had

until October 26, 2015, to postmark a response to the Class Notice in order to preserve that right.  As of the date of filing this Motion, there have been no objectors or individuals wishing to file their own lawsuit have been received by the Third Party Administrator.  The Third Party Administrator has verified that 92 class members have made valid claims, and two (2) have opted out without seeking further relief.

19)  Plaintiffs are entitled to an award of reasonable attorney fees under 29 U.S.C. § 1132(g).  The hours expended and work done by Class Counsel to reach the successful resolution of this case are set forth in Exhibits B and C attached hereto.  The hourly rates of Class Counsel are the hourly rates charged by counsel in complex litigation of the type pursued here.  The hourly rates are consistent with the rates charged by other attorneys of similar experience and qualifications in this geographical area. The hourly rates charged are within the accepted range of hourly rates approved in the Middle District of Alabama.

20)  The amount sought in Attorney fees and expenses related to the WARN Act claim was fully disclosed to the Class Representatives prior to settlement and all Class Members in the Class Notice (Exhibit B to Doc. 55-1).  The Class Representatives unanimously support this Motion for Award of Attorney fees and Reimbursement of Expenses and believe it to be fair and reasonable.  (See Exhibit A – Affidavits of Class Representatives).

21)  No class member has objected to the settlement or raised any question as to the amount of Attorneys' fees and expenses.   Counsel for the Defendant does not oppose the request for award of Attorney fees.

22)  The "lodestar" method of calculating Attorney fees is a fair and accepted method of calculating Attorneys' fees in cases of this nature.  Based on hourly rates, the amount paid as Attorneys' fees from the $100,000 administrative fund compensates Class Counsel solely for the time they have worked on this case, in keeping with the lodestar method.

23)  Class Counsel are not seeking additional Attorney fees from the settlement fund established for benefit of the Class.

24)  Class Counsel have incurred expenses to date and will incur future expenses in administering this settlement for which they are entitled to be reimbursed under 29 U.S.C. § 1132(g).

25)  As this Court found in its Memorandum Opinion and Order granting preliminary approval to this settlement, Class Counsel made a thorough investigation of the law and the facts relating to the allegations of the Complaint and the defenses asserted by the Defendants.  In conducting that investigation, Class Counsel, reviewed several hundred pages of documents, prepared and responded to various motions, and prepared numerous briefs on complex questions of law. Class Counsel and Defendants engaged in arms-length negotiations through

several weeks of negotiations which resulted in an agreement to settle the claims against Defendants for $300,000.00 as set forth in the Amended Settlement Agreement, filed September 1, 2015.

26)  In addition to the amount to be awarded to all class members, Class Counsel requests a class contribution or enhancement award in the amount of $2,000.00 to be paid to each Class Representative from the Settlement Fund, for their efforts in prosecuting this action. These efforts include attending multiple planning and advisory conferences with Class Counsel at their own expense.  The request for an enhancement award was fully disclosed to all Class Members in the Class Notice. (Exhibit B to Doc. 55-1).  At the time of filing this Motion, there have been no objections to the request for an enhancement award by any of the Class members, which also supports the conclusion that the request is fair and reasonable.

27)  This application pertains only to attorney fees and expenses related to the WARN Act.  Fees and expenses related to the FLSA claims will be awarded from the $90,000 allocated to settle all FLSA claims.

## B.  LEGAL ANALYSIS

### I.  <u>PLAINTIFFS' SUCCESS ENTITLES COUNSEL TO THE REQUESTED FEE</u>

The fees that Class Counsel are requesting the Court to approve are computed on reasonable hourly rates, and take into account all of the necessary

criteria for the approval of attorneys' fees for class representation as described by the United States Court of Appeals for the Eleventh Circuit:

> "[C]ourts also have acknowledged the economic reality that in order to encourage private attorney general class actions brought to enforce . . . laws on behalf of persons with small individual losses, a financial incentive is necessary to entice capable attorneys, who otherwise could be paid regularly by hourly-rate clients, to devote their time to complex, time-consuming cases for which they may never be paid."

Mashburn v. Nat.'l Healthcare, Inc., 684 F. Supp. 679, 687 (M.D. Ala. 1988).

Another factor the Court should consider is "whether an award of attorney's fees against the opposing parties would deter other persons acting under similar circumstances". Courts within the Eleventh Circuit have held that an award of attorney's fees "creates a strong deterrent effect by discouraging … providers from denying claims just to accept the risks of litigation," and "that such an award is effective in preventing the denial of similar claims." Clarke v. UNUM, 14 F. Supp. 2d 1351, 1358 (S.D. Ga. 1998) citing Stvartak v. Eastman Kodak Co., 945 F. Supp. 1532, 1546 (M.D. Fla. 1996).  In the case of Harrison v. Aetna Life Ins. Co., 925 F. Supp. 744, 758 (M.D. Fla. 1996) the Middle District of Florida ruled that "… deterrent value in awarding attorney's fees is high."   A substantial award of attorneys' fees should be intended as a deterrent in this case.   The award of attorneys' fees will enhance the deterrent effect of the award. the lessons learned here are less likely to be repeated with a reasonable fee award.

.

## II.   ARE THE FEES REASONABLE?

According to the Supreme Court of the United States, "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."   Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).   The result of that calculation is called the lodestar; the lodestar is strongly presumed to yield a reasonable fee.   City of Burlington v. Dague, 505 U.S. 557, 562 (1992).   The lodestar analysis is generally considered the appropriate method of determining attorney fees in statutory fee cases such as this case because the shifting of fees serves the public policy of encouraging private enforcement of the substantive rights created by Congress.   Manual for Complex Litigation § 24.13 (3d ed. 1995). This is particularly true in cases where the likely aggregate recoveries are often smaller or are limited by statute, making such cases unsuitable for contingent-fee or common fund representation.

The United States Court of Appeals for the Eleventh Circuit has set the standard for calculating attorneys' fees in class actions involving statutory attorney fees:

> "Henceforth, in this Circuit, attorneys' fees awarded from a common fund shall be based upon a reasonable percentage of the fund established for the benefit of the class. **The lodestar analysis shall**

**continue to be the applicable method used in determining statutory fee-shifting awards**."(emphasis added)

Camden I Condominium Ass'n v.Dunkle, 946 F.2d 768 (11th Cir.1991)

In an Opinion and Order from the Middle District of Alabama in 2012, Judge Myron Thompson wrote:

> "When awarding attorney's fees, this court must first calculate the "lodestar" fee: the product of the number of hours reasonably expended to litigate the case and the reasonable hourly rate for work performed by similarly situated attorneys in the community."

Gaylor v. Comala Credit Union, 2012 U.S. Dist. LEXIS 78235 (M.D. Ala., June 6, 2012) citing Norman v. Housing Authority of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988)

**(a)     Hourly Rates**

The hourly rates requested by Class Counsel range from $75 to $350 per hour.  (See Exhibits B and C). These rates are consistent with rates approved in the Middle District of Alabama.  See Gaylord v. Comala Credit Union, 2012 U.S. Dist. LEXIS 78235 (M.D. Ala., June 6, 2012) citing Alfa Corp. v. Alfa Mortgage, Inc., 560 F. Supp. 2d 1166, 1180 (M.D. Ala. 2008)(Watkins, J.). See also Simpleville Music. Mizzell, 511 F. Supp. 2d at 1163 (approving rates between $160 and $375 an hour in this market).  "The rate of attorney's fees is that of the place where the case is filed."  Gaylor v. Comala Credit Union, 2012 U.S. Dist. LEXIS 78235 (M.D. Ala., June 6, 2012) citing Cullens v. Georgia Dep't of Transp., 29 F.3d 1489, 1494 (11th Cir. 1994). This case was filed in Montgomery, Alabama, and "the

court's determination of attorney's fees must also be guided by the prevailing market rate."   Gaylor v. Comala Credit Union, 2012 U.S. Dist. LEXIS 78235 (M.D. Ala., June 6, 2012) citing Simpleville Music v. Mizell, 511 F. Supp. 2d 1158, 1163 (M.D. Ala. 2007)(Thompson, J.).

**(b)    Hours Expended**

In support of this motion, the Plaintiffs are submitting counsel's detailed, contemporaneously-produced time records specifying the date of work performed, the attorney performing the work, the nature of the work, the amount of time spent and the hourly rate charged for the tasks.  (Exhibit B)  Calculation of the lodestar is the ascertainment of reasonable hours.   Martin v. University of South Alabama, 911 F.2d. 604 (11th Cir.1990*).* The reasonableness of the number of hours expended is a question of fact. Resolution Trust Corporation v. Hallmark Builders, Inc., 996 F.2d at 1149 (11th Cir. 1993). The opponent of the fee has the burden of pointing out with specificity the hours which should be deducted. Nitram, Inc. v. Industrial Risk Insurers, 154 F.R.D. 274, 277 (M.D. Fla. 1994).  This submission readily meets the requirement of the degree of specificity required of a party seeking attorney fees.  See Rode v. Dellarciprete, 892 F.2d 1177, 1190 (3d Cir. 1990) (specificity required to extent necessary to determine if the hours claimed are unreasonable for the work performed).   There is no time for which compensation is requested in this case that is "excessive, redundant, or otherwise

unnecessary" Hensley v. Eckerhart, 461 U.S. at, 433.   The affidavits and declarations provided document that the time submitted was reasonably necessary to achieve the successful outcome for the Plaintiffs.

**(c)     Costs**

The Affidavit of  Mike Segrest attached as Exhibit B shows that expenses incurred by The Segrest Law Firm in the prosecution of this case total $3,028.41 as of November 18, 2015, and the Declaration of David Hughes (Exhibit C) shows that expenses incurred by the firm of Hardin & Hughes, LLP, in the prosecution of this case total $2,521.30  See Exhibit C.  Therefore, total expenses as of November 18, 2015 are $5,549.71.   In addition, the Third Party Administrator anticipates future expenses for processing the claims for the class at $7,130.72, bringing the total amount of expenses to $12,680.43, and that amount is to be deducted from the $100,000 administrative fund.

**(d)     Preparation of Fee Petition**

Class Counsel are entitled to recover for the time spent by counsel in preparing the fee application.  Prandini v. National Tea Co., 585 F.2d 47, 52/-/53 (3d Cir. 1978).  Class Counsel have included in their submissions counsel's time spent in preparing the instant petition, which is reasonable.  See Becker v. ARCO Chemical Company, 15 F. Supp. 2d 621 (E.D. Pa. 1998) (counsel awarded compensation for 64.1 hours spent on fee petition).

**(e) Other Factors the Court May Consider**

The Court may also consider other factors as noted above in <u>Johnson v. Georgia Highway Express, Inc</u>., 488 F.2d 714, 717-719 (5th Cir. 1974) (listing 12 factors to consider in establishing the lodestar figure, including: skill required to perform legal services; preclusion of other employment due to accepting the case; the customary fee in the community; and the experience, reputation, and ability of the attorneys.)  <u>See</u> also <u>Gaylor v. Comala Credit Union, 2012 U.S. Dist. LEXIS 78235 (M.D. Ala., June 6, 2012)</u>.

In <u>Faught v. Am. Home Shield Corp.,</u> 668 F.3d 1233, 1240 (11th Cir., 2011) the court also noted these criteria for consideration of fairness of fees in a class action.  However, it must be noted that Class Counsel do not seek added fees out of the Class recovery, but rather only attorney's fees to be awarded under the WARN Act statute.

(1) <u>The time and labor required</u>. Throughout this litigation, the attorneys have maintained distinct roles and distinct division of labor with only such collaboration as was necessary to take advantage of collective judgment of the group on key issues.  Mike Segrest was lead counsel in drafting the initial Complaint.  Mike Segrest handled the case from the beginning, working with clients and potential class members and helping to gain a mastery of the facts so as

to be certain that the cause of action was well-founded. He conducted many of the initial interviews, was available for consultation at all times, and did much work on all class action aspects of the litigation. Attorney David Hughes specializes in employment law cases, practicing primarily in Federal Court, and worked on, among other duties in the case, the employment related statutory claims of the Plaintiffs and the Class and communicating and negotiating with defense counsel . The affidavits and fee declarations document, in six-minute increments, the time and labor required in this matter.

(2) <u>The novelty and difficulty of the questions</u>. Over and above the complexity required to litigate a case that included technical statutory claims involving the WARN Act and the FLSA, this case required the simultaneous navigation of a class action claim and non-class claims. This case also presented a unique challenge in that some individuals had signed arbitration agreements and others had not. Further, the subject arbitration agreement was problematic in, among other ways, that it was deficient in defining the process of arbitration. The Defendants in this case included related but different corporate entities of varying levels of potential solvency, making the liability of the individual defendants a crucial issue, as well as one that was vigorously contested. Further, as the Defendants are in the business of large vehicle transportation, there were multiple

liability issues related to the interplay between the FLSA and the Department of Transportation that required considerable work

(3) The skill requisite to perform the legal service properly . Class counsel assert that considerable skill was required in order to recognize, formulate, and prosecute this case. WARN Act cases are rare, FLSA cases are specialized in nature, and the unusual facts surrounding this particular case made it particularly difficult. A very specialized knowledge and experience base is needed to effectively handle such litigation. Very few attorneys in Alabama and throughout the Eleventh Circuit are willing to risk time and money in handling such claims.

Moreover, in assessing the skill and quality of representation by Class Counsel, the Court should also consider the skill and quality of the opposition. *See, e.g.,* Camden I, 946 F.2d at 772 n.3; Johnson, 488 F.2d at 718; Ressler v. Jacobson, 149 F.R.D. 651, 654 (M.D. Fla. 1992). The Defendants are represented by a well-respected employment defense firm. That firm had significant resources at their disposal and consistently took tough positions to promote the interests of their client.

(4) The preclusion of other employment by the attorney due to acceptance of the case. Class counsel involved in the present litigation engage in the practice of law in small firms. These fees are critical to a small firm's ability to survive. The

time involvement of this case engaged a considerable amount of time and precluded attention to other matters.

(5) <u>The customary fee</u>.  Counsel submit that the fees requested are well within the customary range for the type of practice herein involved, based on fee affidavits and declarations.

(6) <u>Whether the fee is fixed or contingent.</u>  Class counsel computed their requested fees based on hours expended.  The request does not involve a percentage of the amount awarded to the class members, nor is it based upon a percentage of any settlement fund provided by the defendants (since there is no settlement).  As indicated above, however, the fee was "contingent" in the sense that class counsel took the risk that there would be no fee if there was no recovery in the case.  Having achieved total success in the case, reasonable market-based hourly rates are requested by counsel. The rates are justified by affidavits and declarations.

A determination of a fair fee for Class Counsel includes consideration of the contingent nature of the fee, the wholly contingent outlay of out-of-pocket sums by Class Counsel, and the fact that the risk of failure and nonpayment in a class action are extremely high. Attorneys' risk is perhaps the foremost factor in determining an appropriate fee award. <u>Pinto v. Princess Cruise Lines</u>, <u>513 F. Supp. 2d 1334, 1339</u> <u>(S.D. Fla. 2007)</u>.  Although the fees sought in this action are statutory in nature,

and calculated using the lodestar approach, the nature of the relationship has been strictly contingent, trusting that Court would grant a reasonable award of attorneys' fees as provided by Statute upon prevailing on the merits while assuming the risk of absolutely no return and having to absorb all associated expenses if unsuccessful. The risk assumed by Class Counsel in prosecuting this action was colossal.

(7)   Time limitations imposed by the client or the circumstances.   During the course of this litigation, there have been numerous periods of time in which engagement of work for this project demanded total involvement for the lawyers involved in the prosecution of the case.

(8)   The amount involved and the results obtained.   Other portions of this brief have adequately addressed the amount involved and the results obtained. Class counsel assert the results have been very good and beneficial to the class.

(9)   The experience, reputation, and ability of the attorneys.   David Hughes has 21 years' legal experience, primarily deals with employment law cases in Federal courts and has acted as class counsel in multiple cases involving federal employment statutes including the FLSA (often combined with state law Rule 23 claims), the Fair Credit Reporting Act (relating to employees) and the WARN Act. Mike Segrest has acted as class counsel on two other employment law cases in the Middle District of Alabama, including successfully arguing a WARN Act case in

front of the United States Court of Appeals for the Eleventh Circuit. See <u>Weekes-Walker v. Macon County Greyhound Park, Inc.</u> (11th Cir., No. 12-14673, Aug. 5, 2013).

Class counsel assert that, in the aggregate, they have proven to be an excellent team for the prosecution of the present litigation and believe that their experience, reputation, and ability speak for themselves.

(10)  <u>The "undesirability" of the case.</u>  Again, very few attorneys in Alabama have handled WARN Act cases. The fact that attorney fees are discretionary with the Court makes such cases challenging and more risky than most cases in other areas of the law. The reticulated nature of the WARN Act statute further makes handling such claims undesirable to most attorneys.

(11)  <u>The nature and length of the professional relationship with the client.</u> None of class counsel had any substantial prior relationship with any of the named plaintiffs.

(12)  <u>Awards in similar cases.</u>  Class Counsel have achieved a significant recovery for each Class member of the maximum amount that is allowed by the WARN Act statute.

The fee for Class Counsel is $87,319.57, reflecting lawyer and paralegal hours as of the date of filing this motion.  The actual lodestar calculations for the two law firms are $124,077.50 for The Segrest Law Firm and $69,142.50 for

Hardin & Hughes.   This compromise of fees represents a good-faith effort of Plaintiffs' counsel to settle this case.   Expenses to date totaling $5,549.71 have been incurred, and the estimate of future expenses totals $7,130.72. (See  Exhibits B and C).   Thus, the actual amount of fees and expenses associated with WARN Act claims for class counsel is for a total of $100,000.  The time and rates devoted to the case are reasonable and should be approved. The Plaintiffs respectfully request permission to supplement these time entries after the completion of the final approval.   Class counsel estimates an additional $15,000.00 in fees will be required to complete the class settlement and provide a final accounting to the Court.

### III.   PROPORTIONALITY IS NOT APPROPRIATE IN ASSESSING THE FEE REQUEST

The damages for the class and the award of reasonable attorneys' fees are two entirely separate issues.   Class Counsel submit that the foregoing discussion justifies the fairness of the fee.

As noted earlier, the case that best illustrates the fact that the proportionality of the award compared to the attorneys' fees requested comes from Curry v. Contract Fabricators, Inc., 895 F. 2d 842 (11th Cir. 1990). In Curry, Judge Myron Thompson awarded a civil penalty of $800 and attorneys' fees in the amount of $15,766.47, which was nearly 20 times the recovery awarded. The Eleventh Circuit

Court of Appeals held that this was not an abuse of discretion and affirmed the award of attorneys' fees.

See also e.g., Parke v. First Reliance Standard Life Ins., 2003 U.S. Dist. LEXIS 825 (D. Minn January 8, 2003) (Parke, sought $687 interest on the disability benefits Parke received via delayed payment by the insurer. The court found the claimant was entitled to the $687 in *interest earned* on unpaid benefits from 9/98-10/02, also awarding Plaintiff $96,448 in attorney's fees and $1,680.94 in costs to recover it pursuant to the principles underlying ERISA); Scaglione v. Cigna Healthcare of St. Louis, Inc., 2002 U.S. Dist. LEXIS 25474 (E.D. Mo. December 22, 2002) (Court awarded $13,000 in fees to recover $2,900 in alternate medical treatment: a ratio of over 4:1).

Palmiotti v. MetLife., 2006 U.S. Dist. LEXIS 37490 (S.D.N.Y. June 6, 2006) (awarding Plaintiff's LTD counsel $184,000 in attorney fees in the case of a remand back to MetLife, at Mr. Riemer's rates of $430 per hour, an associate $380 per hour and paralegal $130 per hour); Mizzell v. Provident Ins. Co., 32 Fed. Apprx. 352; 2002 WL 461715, 2002 U.S. App. LEXIS 4483 (9th Cir. Mar. 18, 2002) (upholding award of $180,000 in attorneys' fees even though the district court just remanded the case back to Provident); Mardirossian v. The Guardian Life Ins. Co. of Am., Case No. CV 05 02871 MMM (Jcx), C..D. Cal Oct 20, 2006) (where Guardian had denied the claimant's LTD claim on the sole basis that it was

not timely submitted, contending that the delay prejudiced its ability to investigate. The "notice prejudice rule" was litigated, with the court ruling that Guardian improperly refused to consider the claim. The court remanded to Guardian to conduct its investigation and make a claim decision on the merits. The court granted Plaintiff's fee request at an hourly rate of $400, finding he had prevailed on a significant issue, notwithstanding that no benefits were awarded.)

There is no ratio of benefits recovered to fees expended. <u>Operating   Eng'rs Pension Trusts v. B&E Backhoe, Inc</u>., 911 F.2d 1347 (9th Cir. 1990) (The amount of the fees need not be proportional to the amount of risk, and in fact the fee/costs recovery may far exceed a plaintiff's actual recovery), citing <u>Building Service Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway</u>, 46 F.3d 1392 (6th Cir. 1995):  "Defendants first argument is that the amount of the attorneys' fee award is "facially unreasonable" and that an attorneys' fee award of $70,185.95 is excessive where the underlying judgment is only $25,598.91. . . [T]here is <u>no requirement that the amount of an award of attorneys' fees be proportional to the amount of the underlying award of damages</u>. In <u>City of Riverside v. Rivera</u>, 477 U.S. 561, 91 L. Ed. 2d 466, 106 S. Ct. 2686 (1986), a plurality of the Supreme Court upheld an attorneys' fee award under 42 U.S.C. § 1988 in the amount of $245,456.25, where the underlying damage award was only $33,350. *Id.* at 564-65, 581. The plurality refused "to adopt a strict rule that attorney's fees under § 1988

be proportionate to damages recovered." *Id*. at 581. Likewise, in affirming an award of attorneys' fees under 42 U.S.C. § 1988 that was more than five times the damages awarded, we stated that "the value of rights vindicated goes beyond the actual monetary award, and the amount of the actual award is not controlling." McHenry v. Chadwick, 896 F.2d 184, 189 (6th Cir. 1990). A similar rule has also been adopted in the ERISA setting. In Operating Eng'rs Pension Trusts v. B & E Backhoe, Inc., 911 F.2d 1347 (9th Cir. 1990), cited: Lipsett v. Blanco, 975 F.2d 934 (1st Cir. 1992) (stating that an attorneys' fee award may be larger than the award of money damages where the defendant followed a hard-nosed defense strategy)."

Class Counsel point out that while proportionality is not the appropriate standard for awarding attorneys' fees under the loadstar method, the fees requested in this case are less than the total award and benefit to the class, and Class Counsel seek no enhancement to fees from the Class members.

## IV.   An Enhancement Award For The Class Representatives Is Appropriate.

Class Counsel request the Court to approve an enhancement award in the amount of $2,000.00 for each of the two (2) Class Representatives.

The class representatives diligently and completely fulfilled their obligations as representatives for the class. They stepped forward and pursued the

class' interests by filing suit on behalf of class members and undertaking the responsibilities attendant upon serving as class representative.

Numerous courts, including this one, have found it appropriate to specially reward named class plaintiffs for the benefits they have conferred. See e.g., Morefield v. NoteWorld, LLC, 2012 U.S. Dist. LEXIS 54664 ; Pinto, 513 F. Supp. 2d at 1344;Allapattah Servs., Inc. v. Exxon Corp., 454 F. Supp 2d 1185, 1218-19 (S.D. Fla. 2006);  In re SmithKline Beckman Corp. Sec. Litig., 751 F. Supp. 525, 535 (E.D. Pa. 1990); In re Dun & Bradstreet Credit Serv. Customer Litig., 130 F.R.D. 366, 373-74 (S.D. Ohio 1990); In re COLONIAL BANCGROUP, INC. ERISA LITIGATION, 2012 WL 4856704 (Middle District of Alabama, Northern Division 2012).

Given this authority and the representations provided the Court regarding the Class Representatives' role, Class Counsel request a enhancement award of $2,000 be awarded to each of the Class Representatives.

## CONCLUSION

Based on the foregoing recitals of law and the undisputed documentation contained herein, plaintiffs are entitled to an award of attorneys' fees, expenses, and enhancement award for the named Class members.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request this Court to enter an Order granting:

1. An award of Attorney fees and expenses for WARN Act claims in the total amount of $100,000, including $12,680.43 in current and future expenses, and $87,319.57 in fees.[1]

2. Permission to supplement this application for time spent after the filing of this brief in preparation for the trial on damages.

3. An enhancement award of $2,000.00 to each of the Class representatives.

Respectfully submitted this 18th day of November, 2015.

/s/ *John Michael Segrest*
John Michael Segrest (ASB-8306-H58S)
The Segrest Law Firm
P.O. Box 780791
Tallassee, AL 36078
Telephone: (334) 252-0036
Fax: (334) 252-0037
Email:  Mike.Segrest@Segrestlaw.com

OF COUNSEL:
David A. Hughes (ASB-3923-U82D)
Hardin & Hughes, LLP
2121 14th Street
Tuscaloosa, Alabama 35401
Telephone: (205) 344-6690
Fax: (205) 344-6188
E-mail: dhughes@hardinhughes.com

---

[1] This award does not contemplate an award of fees from the $90,000 allocated to FLSA and the prosecution of those claims.

<u>Certificate of Service</u>

I certify that on the 18th day of November, 2015, I served a copy of the above and foregoing motion on counsel of record by utilization of the Court's electronic filing system, by electronic mail, or by placing a copy of same in the U.S. Mail, postage prepaid and addressed as follows:

Martha Thompson, Esq.
Huie, Fernambucq & Stewart, LLP
2801 Highway 280 South, Suite 200
Birmingham, Alabama 35223
mthompson@huielaw.com

*/s/ John Michael Segrest*