IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| NETTIE CHAMBERS, *et al.*,   ) | |
| ) | |
| Plaintiffs,   ) | |
| ) | |
| v.   ) | CIVIL ACT. NO.  3:14cv237-CSC |
| ) | (WO) |
| GROOME TRANSPORTATION OF   ) | |
| ALABAMA, INC., *et al.*,   ) | |
| ) | |
| Defendants.   ) | |

**MEMORANDUM OPINION AND ORDER**

Now pending before the court is the parties' Motion for Final Approval of Proposed Settlement (doc. # 65) and Plaintiffs' Application for Award of Attorney's Fees, Expenses, and Enhancement Award for Class Representatives (doc. # 64). In this case, plaintiffs Nettie Chambers and Cassandra Young assert on behalf of a class of employees claims for damages under the Worker's Adjustment and Retraining Notification Act, 29 U.S.C. § 2102 and 29 C.F.R. § 639 (the WARN Act). Cambers and Young further allege with regard only to them that the Defendants violated provisions of the Fair Labor Standard Act ("FSLA"), 29 U.S.C. § 201, et seq.

Pursuant to 29 U.S.C. § 2104, the court has jurisdiction over the WARN Act claims and over all parties to this action, including all members of the settlement class. Jurisdiction over the FSLA claims is proper under 29 U.S.C. § 207, and jurisdiction is proper over all claims pursuant to the court's federal question jurisdiction, 28 U.S.C. § 1331. Pursuant to

28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to a United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment.

## APPROVAL OF FSLA CLAIMS SETTLEMENT

With respect to the Plaintiffs' FLSA claims, they allege that, for a limited period of time, pursuant to a change in the Defendants' policies, they were not fully compensated at the required time and a half rate for overtime hours that they worked, but instead were only paid the same regular hourly rate for all their hours worked, including the overtime hours. Defendants denied and defended all allegations on factual and legal bases.

The Court finds that the Plaintiffs are represented by counsel; that there exists a genuine dispute between the parties; that the amounts agreed upon represent a full and complete settlement of all pending claims; that attorney's fees are encompassed by the agreement; and that the compromise is a fair and reasonable resolution of a bona fide dispute over the FLSA provisions.  Settlement negotiations were conducted at "arms-length" at mediation; all offers and counteroffers were transmitted through the mediator; there was no fraud or collusion behind the settlement.  If not for this settlement, the parties face the prospect of a lengthy trial and appeals process.  Settlement occurred after a year of highly contested, expensive litigation, and the completion of all discovery, at mediation.  The attorneys' fees being paid as a part of the settlement of these FLSA claims is in addition to the maximum recovery that the settling Plaintiffs will receive and, therefore, do not reduce

their recoveries in any way.  The Court finds that the Settlement of the FLSA claims is fair and reasonable, and should be approved.

## APPROVAL OF THE WARN ACT SETTLEMENT CLASS

The Court hereby approves the maintenance of the action as an opt-out class action pursuant to the FED.R.CIV.P. 23(b)(3) with the class being defined as:

> All former employees of Groome Transportation of Alabama who were employed as of May 31, 2013, including employees who signed an arbitration agreement as a condition to employment, and who were laid off from employment at Groome on July 31, 2013 and who were not subsequently re-hired by Groome Transportation."

The court finds that the settlement class is sufficiently well-defined and cohesive and the court approves certification of the class under FED.R.CIV.P. 23(a) and 23(b)(3) for settlement purposes only.  Accordingly, the settlement class as defined above is hereby certified pursuant to FED.R.CIV.P. 23(c).

## APPROVAL OF THE WARN ACT CLAIMS SETTLEMENT

In accordance with the Class Notice, the court held a fairness hearing on December 16, 2015 on the proposed settlement of the WARN Act claims.  To the extent not otherwise defined here, all terms shall have the same meaning as used in the Amended Settlement Agreement executed on August 28, 2015. The Court finds that the Settlement embodied in the Agreement is a fair, reasonable, and adequate settlement and compromise of this action, incorporates the Agreement as part of this opinion, and orders that the Settlement shall be effective, binding, and enforced according to its terms and conditions.

The Court finds that the representative Plaintiffs have asserted claims on behalf themselves and all members of the Settlement Class to recover damages, including but not limited to the statutory damages provided by the Worker's Adjustment and Retraining Notification Act for alleged failure to give appropriate notices.

The court reviews a class action settlement for fairness, reasonableness, and adequacy. The Court finds that the Class Notice transmitted to the Settlement Class pursuant to the Preliminary Approval Order concerning the Settlement and other matters set forth therein was the best notice practicable under the circumstances and included individual notice to all members of the Settlement Class who could be identified through reasonable efforts. The Class Notice provided valid, due, and sufficient notice of these proceedings and of the matters set forth therein, including the Settlement, to all persons entitled to notice; and the Class Notice fully satisfies the requirements of the FED.R.CIV.P. 23 and the requirements of due process. The Court further finds that Defendants have fully complied with the notice requirements of the Class Action Fairness Act of 2005, to the extent possible.

Federal courts have long recognized a strong presumption in favor of class action settlements, and courts have been instructed to consider several factors in determining the fairness of a class action settlement.

> We have instructed the district court to consider the following factors: (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the range of possible recovery at which a settlement is fair, adequate, and reasonable; (4) the anticipated complexity, expense, and duration of litigation; (5) the opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved.

*Faught v. Am. Home Shield Corp.*, 668 F.3d 1233, 1240 (11th Cir., 2011).

The court addresses each factor in turn.

(1)     *The Likelihood of Success at Trial*. The court finds that the Plaintiffs' likelihood of success at trial is excellent. It is undisputed that the Defendants did not provide written notice as required by the WARN Act. Based on that fact, the only applicable defense the Defendants could make would be the defense of good-faith, which would apply only to the mitigation of damages, but not to actual liability.

(2)     *The Range of Possible Recovery*. The maximum compensatory damages allowed under the WARN Act is 60 days' wages for each aggrieved employee. Punitive damages are not applicable. The Plaintiffs were employed in a semi-seasonable manner because they provided transportation for Auburn University and its students. The 60-day period in question was in the summer months of June and July.  Because many of the Plaintiffs would have only worked part-time, if at all, during the summer months, the range of possible recovery is significantly reduced. The hourly rates of the Plaintiffs ranged from $9.00 per hour to $13.50 per hour. Based on this, the court concludes that a recovery for the class of $110,000 which averages approximately $1,000 per class member is an appropriate recovery based on the likelihood of success at trial.

(3)     *The Range of Possible Recovery at which a Settlement is Fair, Adequate, and Reasonable*. The court concludes that because all class members will receive a significant recovery based on the actual number of hours that they worked, the settlement provides a

fair, adequate, and reasonable recovery for all class members. The participation of over 90 of the 110 class members also reflects that the settlement is fair and adequate. The range of recovery for individual class members is commensurate with recoveries of cases dealing with WARN Act violations. No objections to the settlement were made and this fact also weighs in favor of finding that the settlement is fair, adequate and reasonable.

(4) *The Anticipated Complexity, Expense, and Duration of Litigation*. The court concludes that the anticipated complexity of this litigation militates in favor of accepting the proposed settlement. Completion of this action through continued litigation would be extremely complex. Approximately one-half of the class members had signed arbitration agreements while others did not. The current settlement includes the individuals who otherwise would have been required to arbitrate their claims, and the settlement simplifies resolution of the disputes. A full trial would last several days and include numerous witnesses.

(5) *The Opposition to the Settlement*. There were no objections filed or opposition made to the settlement.

(6) *The State of Proceedings at which the Settlement was Achieved*. The settlement was reached after multiple issues were argued and briefed, including the issue of arbitration. The parties worked together during the mediation process to provide adequate discovery to compute damages for the class and to define the class. If those Plaintiffs who had signed arbitration agreements had been required to pursue arbitration, the time and costs of

individual arbitrations would have been enormous. A settlement was ultimately reached only after weeks of continued negotiations.

The Court finds that the Settlement, which includes a total payment of Two Hundred and Ten Thousand ($210,000.00) Dollars by the Defendants, $110,000 of which is for statutory damages, to be paid to the Class Representatives and Class Members, has been negotiated vigorously and at arms' length by Class Counsel and Defense Counsel and further finds that at all times, Plaintiffs have acted independently and that their interests are identical to the interests of the Settlement Class.  The Court finds that the Plaintiffs and Defendants have vigorously litigated numerous issues.  The Court finds that the concerns of Class Counsel that the Defendants may be unable to pay any larger recovery in the future is reasonable, given the present circumstances of the Defendants.  Furthermore, Plaintiffs appropriately recognize that there is no guarantee of success in the litigation and that a settlement is preferable to further protracted litigation which may have included appeals. The Court further finds that the Settlement arises from a genuine controversy between the Parties and is not the result of collusion. The Settlement was not procured by fraud or misrepresentation.  The Settlement will be approved.

Pursuant to FED.R.CIV.P. 23(g)(2) the court confirms its prior appointment of Class Counsel as follows:  Mike Segrest of The Segrest Law Firm and David Hughes of Hardin and Hughes LLP.

The court finds that the attorneys fees sought by Class Counsel are reasonable in light

of the successful results achieved by Class Counsel, the monetary benefits obtained in this Action, the substantial risk associated with the Action, Class Counsel's skill and experience in class action litigation of this type, and the fee awards in comparable cases. The Defendants do not oppose the award of attorney's fees.

The litigation expenses incurred by Class Counsel in the course of prosecuting this action are reasonable.

In sum, the court approves that the following payments to class members and counsel from the Settlement proceeds:

| | |
|---|---:|
| Award to class members | $ 106,000.00 |
| Service award to named Plaintiffs (2 x $2,000.00) | $ 4,000.00 |
| Class Counsel fees | $ 87,319.57 |
| Reimbursement of Class Counsel Expenses | $ 12,680.35 |
| Named Plaintiff FLSA recovery | $ 39,212.16 |
| Attorney fees & expense for FLSA recovery | $ 50,787.84 |
| **TOTAL** | **$ 300,000.00** |

## CONCLUSION

Based on the Amended Settlement Agreement, and upon consideration of the Motion for Final Approval, the evidence presented at the fairness hearing, the briefs filed in support of the proposed settlement, and the court's findings and conclusions set forth in this opinion, it is

ORDERED that the Motion for Final Approval of Proposed Settlement (doc. # 65) which encompasses both the WARN Act and FLSA claims and Plaintiffs' Application for

Award of Attorney's Fees, Expenses, and Enhancement Award for Class Representatives (doc. # 64) be and are hereby GRANTED. It is further

ORDERED that

1. The Class Representatives and Class Members are hereby awarded damages in the amount of $106,000 to be paid in accordance with the Amended Settlement Agreement and shall be paid from the Settlement Fund of $110,000.

2. The named Class Representatives are hereby awarded enhancement awards in the amount of $2,000 each which shall be paid from the Settlement Fund of $110,000.

3. Class Counsel are hereby awarded attorneys' fees in the amount of $87,319.57, for their work on the WARN claims, to be paid from the Administrative Fund;

4. Class Counsel are hereby awarded attorneys' fees in the amount of $50,787.84 for their work on the FSLA claims, in accordance with the amended settlement agreement.

5. Class Counsel are hereby awarded expenses in the amount of $12,680.35, to be paid from the Administrative Fund

6. As of the date of entry of final judgment, Plaintiffs and each member of the Settlement Class who have not opted out in accordance with the Settlement Agreement and Class Notice, on their own behalf, shall be deemed to have released each and all of the Defendants from the released claims.

7. As of the date of entry of final judgment, Plaintiffs, Settlement Class Members, and Defendants, including all persons, firms, and corporations who might otherwise be

entitled to claim through them, shall be deemed to have released the parties from any claims that may have arisen out of this action.

8.    As of the date of entry of final judgment, all Release provisions shall be given full force and effect in accordance with each and all of their express terms and provisions, including those terms and provisions relating to unknown, unsuspected, or future claims, demands, or causes of action.

9.    Plaintiffs and all members of the Settlement Class, other than those who have opted out pursuant to the Settlement Agreement and Class Notice, are hereby barred and enjoined from the institution and prosecution, either directly or indirectly, of any other actions in any court asserting any and all Released Claims against any and all Released Parties as described in the Release.

10.    Class Counsel shall continue to make attempts to locate any member of the Settlement Class who has not been found, not returned a Class Action Notice form, or whose settlement check was returned by the United States Postal Service for insufficient address or any other reason, for a period of 180 days.  Funds shall be held under the direction of class counsel in the Settlement Fund and available to be claimed by that member during the Payment Period of 180 days from the date of entry of Final Judgment.  To the extent any funds remain in the Settlement Fund after all distributions are complete, Plaintiffs' counsel are directed to pay those funds over to a charity mutually agreed upon by counsel for the parties.

11. Without affecting the finality of the Judgment, the Court hereby retains jurisdiction for purposes of implementing the Agreement and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Agreement and Settlement, as may from time to time be appropriate, and resolution of any and all disputes arising thereunder.

The Court will, by separate order, enter a final judgment dismissing this action against the Defendants, with prejudice, on the merits.

The Motion for Final Approval of Proposed Settlement (doc. # 65) and Plaintiffs' Application for Award of Attorney's Fees, Expenses, and Enhancement Award for Class Representatives (doc. # 64) be and are hereby TERMINATED.

Done this 17th day of December, 2015.

                                        /s/Charles S. Coody
                                CHARLES S. COODY
                                UNITED STATES MAGISTRATE JUDGE